## PARLAN *v.* THE STATE, *ex rel.,* etc.

Where a defendant, in a prosecution for bastardy, has a preliminary hearing before a justice on a certain day, which is also the first day of the term of the Circuit Court for the county, he should be recognized, if at all, to appear at the next, and not the then present, term of said Court.

It would, therefore, be irregular and improper to docket the prosecution, and assign it for a day of the then present term, and proceed to call the defendant, take defaults, forfeit recognizances, etc.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—On the 14th of April, 1862, the defendant had a hearing before a justice on a charge of bastardy, and was recognized to appear, etc., at the next term of the Circuit Court.

Said 14th of April was the first day of the spring term of said Court.

The transcript appears to have been filed on that day, the case docketed, and a day, during that term, fixed for its trial.

On the day fixed, the defendant did not appear for trial. He was defaulted, and a bench warrant issued, upon which he was brought into Court, and entered into a recognizance for his appearance from day to day. Afterward, upon the call of the case for trial, he failed to appear. Trial and judgment against him.

Afterward he appeared, and moved the Court to set aside said default, and relieve him from said judgment, which was overruled, and said ruling excepted to.

The question presented to us is, Whether the Court had any jurisdiction of the person of the defendant at said term ?

We are of the opinion that the recognizance was returnable to the next term of said Court, and not to the then present term. The proceedings, in having said case docketed, the defendant called, a forfeiture entered, a warrant issued, etc., were, to say the least, irregular, and the proceedings invalid, unless the action of the defendant, in entering into a recognizance for his appearance from day to day, should, under the circumstances, be received as an appearance to the action. Such a proposition we do not think is sound. There does not appear to have been any voluntary appearance in Court, even for the purpose of making the recognizance, to be relieved from restraint, much less such an appearance to the action as would be requisite to give the Court jurisdiction.

*Per Curiam.*—The judgment is reversed, with costs.

*Daniel Mace*, for the appellant.

*J. J. Jones* and *J. L. Miller*, for the State.